UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY MADONNA JONES McCULLA, Trustee** of the Jones-McCulla Family Trust of 2001, and **ERNEST JOSEPH McCULLA, Trustee** of the Jones-McCulla Family Trust of 2001 | **CIVIL ACTION** |
| **VERSUS** | **05-0656** |
| **SLAUGHTER PROPERTIES, LLC and DONNA MARIE JONES WEBER** | **SECTION "T"(5)** |

Before the Court is a Motion for Summary Judgment filed on behalf of Slaughter Properties, LLC ("Slaughter") (Doc. 13). The parties waived oral argument and the matter was taken under submission on February 22, 2006. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**ORDER AND REASONS**

**I.   BACKGROUND**

The plaintiffs and defendants, Slaughter and Donna Marie Jones Weber ("Weber") are each owners of an undivided interest in three tracts of land located in the vicinity of Folsom, Louisiana. On or about February 28, 2005, plaintiffs filed a Complaint for Partition by Licitation, in accordance with the Louisiana Civil Code, seeking to have the Folsom Property

sold judicially to effect a division of the net proceeds of the sale between the co-owners. On or about March 23, 2005, Slaughter filed its Answer to the Complaint, admitting that the Folsom Property could not be partitioned in kind and sought by partition by licitation of the Folsom Property, and payment in the amount equal to 75% of the sales price of the property. Defendant Weber has not filed an answer or other responsive pleadings and is an absentee, in that she is a non-resident of the State of Louisiana and has not appointed an agent for service of process.

On or about July 14, 2005, plaintiffs filed a Motion for Leave to Amend Complaint for Partition of Property to allege, in the alternative, that in the event the Folsom Property can be partitioned in kind without diminution in value, that the plaintiffs desire a partition in kind. Despite opposition by the defendant, plaintiff's Motion was granted. On or about August 16, 2004, plaintiffs filed an Amended Complaint for Partition of Property.

Prior to the filing of the Amended Complaint, on or about August 3, 2005, Slaughter filed the instant Motion for Summary Judgment, in which they seek, among other things, a judgment ordering that the Folsom Property be partitioned by licitation at a public auction to be held under the direction and supervision of the court.

## II.    LAW AND ANALYSIS OF THE COURT

### A. Summary Judgment

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of

the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."  Matsushita Elec. Indus. Co., 475 U.S. at 588.  Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**B.**     **Analysis**

In the case at hand, the plaintiffs argue, and this Court agrees, that summary judgment in favor of Slaughter is not appropriate because there is genuine issue of material fact regarding whether the tract of land can be partitioned in kind.  Since the filing of the Amended Complaint, plaintiffs retained Mr. Leroy J. Cooper, P.E. of Cooper Engineering Inc., who completed a report in which the feasibility of partitioning the land in kind without a diminution in its value was assessed.  Cooper determined that the Folsom Property could, in fact, be partitioned in kind without a diminution in value.  His report suggests three distinct possible partitions that would

enable the Folsom Property to be partitioned in kind. The plaintiffs suggest, and this court agrees, that these opinions constitute "significant probative evidence," and as such, genuine issue of material fact exists concerning whether the Folsom Property can be partitioned in kind.

In its Motion for Summary Judgment, Slaughter cites La. Civ. Code art. 811, among other authority, in support of its contention that the Folsom Property must be partitioned by licitation because one owner, Weber, is an absentee. La. Civ. Code art. 811 states:

> When the thing held in indivision is not susceptible to partition in kind, the court shall decree a partition by licitation or by private sale and the proceeds shall be distributed to the co-owners in proportion to their shares.

In support of its opposition to Slaughter's Motion for Summary Judgment, the plaintiffs contend that Louisiana law requires the Court to order land partitioned in kind. La. Civ. Code art. 810 states:

> The court shall decree partition in kind when the thing, held in indivision, is susceptible to division into as many lots of nearly equal value as there are shares and the aggregate value of all lots is not significantly lower than the value of the property in the state of indivision.

The plaintiffs argue that Article 811 only applies to tracts of land that cannot be partitioned in kind. Plaintiffs' expert opines that the Folsom Property is susceptible to division into as many lots of nearly equal value as there are shares and the aggregate value of all lots is not significantly lower than the value of the property in the state of indivision. This opinion creates a genuine issue of fact with regards to whether La. Civ. Code art. 810 or La. Civ. Code art. 811 is applicable to the instant matter.

In addition, Slaughter argues that Article 4625 of the Louisiana Code of Civil Procedure

provides that the Court shall render a judgment ordering the public sale of the property if a co-owner is an absentee and the absentee co-owner does not answer through counsel of the co-owner's selection.  Accordingly, the defendant contends that as Weber is an absentee co-owner with a 6.25% undivided interest in the Folsom Tract who has not answered the Complaint, this Court should order that the Folsom Property be sold at public sale and that the net proceeds from the sale of the Folsom Property be distributed between the co-owners based upon their undivided ownership interest in the land.

The plaintiffs submit that there is more to La. C.C.P. art. 4625 that what Slaughter relied upon in its Motion.  The full text of La. C.C.P. art. 4625 states:

> Except as otherwise provided in Article 4630, if the petitioner proves on the trial of the proceeding that he is a co-owner of the property and entitled to the partition thereof and that the defendant is an absentee who owns an interest therein, the court shall render judgment ordering the public sale of the property for cash by the sheriff to effect a partition, after the advertisement required by law for a sale under execution.

Article 4625 requires the petitioner to prove (1) that he is a co-owner of the property; (2) that he is entitled to partition; and (3) that the defendant is an absentee.  The plaintiffs concede that Slaughter is a co-owner of the property.  However, Slaughter is a defendant in this action, not a "petitioner."  It is also conceded that Weber is an absentee owner of an interest in the property.  However, as there are three co-owners in indivision of this property and no "trial of the proceeding" has occurred, the plaintiffs argue, this Court agrees, that La. C.C.P. art. 4625 is not applicable to this case.

In addition, La. C.C.P. art. 4630 states that if the property sought to be partitioned is divisible in kind, and the defendant timely answers through counsel of his own selection and

prays therefor, the court shall render judgment ordering the partition to be made in kind. Further, the Louisiana Second Circuit Court of Appeal in Walker v. Gudac, 280 So.2d 277, 279 (La. App. 2 Cir. 1973) stated that "the fact that there are one or more other defendants who do not appear personally or ask for a partition in kind is of no consequence, and does not diminish the rights of the defendant who elects to proceed under Article 4630."

In conclusion, the law favors partition in kind unless the property is indivisible by nature or cannot conveniently be divided. La. C.C.P. art. 4606. In its Motion for Summary Judgment, Slaughter bears the burden of proving that the property cannot be divided in kind. Devco, Inc. v. Richey, 707 So.2d 161, 163 (La. App. 2 Cir. 02/25/98). The defendants contend that the Folsom Property cannot be partitioned in kind without diminution in its value. The plaintiffs allege, based on the findings of their expert, that the property can be conveniently divided without diminution in value or loss or inconvenience to one of its owners. This genuine issue of material fact is sufficient to demonstrate that a Motion for Summary Judgment is inappropriate at this stage of the proceedings.

**IT IS ORDERED** that the Motion for Summary Judgment filed on behalf of Slaughter Properties, L,L,C, be and the same is hereby **DENIED.**

New Orleans, Louisiana, this 4th day of March, 2006.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**